AARON D. FORD
 Attorney General
CAMERON P. VANDENBERG
 Chief Deputy Attorney General
Nevada Bar No. 4356
ALINA KRAUFF
 Deputy Attorney General
Nevada Bar No. 16266
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101
Tele: (702) 486-0661
Fax:  (702) 486-3768
Email: cvandenberg@ag.nv.gov
          akrauff@ag.nv.gov

*Attorneys for Defendants, State of Nevada
ex rel. its Department of Health and Human
Services, Division of Public and Behavioral
Health*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| JOEL GOMEZ, | Case No.  3:23-cv-00663-LRH-CLB |
| Plaintiff, | |
| v. | **ORDER GRANTING**<br>**STIPULATED PROTECTIVE ORDER** |
| STATE OF NEVADA, *ex rel.* Dept. of<br>Health & Human Services, | |
| Defendant. | |

Plaintiff, JOEL GOMEZ, and Defendant, STATE OF NEVADA *ex rel.* its DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF PUBLIC AND BEHAVIORAL HEALTH ("Defendant"), by and through their counsel, hereby stipulate to the following terms of this Stipulated Protective Order to protect the confidentiality of confidential information obtained by the parties in connection with this case:

/ / /

1.     **Confidential Information.** Any party or non-party may designate as "CONFIDENTIAL" (by stamping the relevant page or otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information including, but not limited to, trade secrets; proprietary data; marketing information; financial information; personnel information of any current or former employees of the Defendant; information concerning corrective action including warnings, reprimands, disciplinary action, and/or termination of any current or former employees of the Defendant; information concerning applications, ratings, and decisions made by the Defendant regarding the promotion and/or hiring of employees; information which is confidential under Nevada Administrative Code 284.718; and/or similar commercially sensitive information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.     **Designating Material as Confidential**. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" by so indicating in said response. Or a party or non-party may designate in writing, within forty-five (45) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as confidential information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 10 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specific designation.

3.     **Use of Confidential Information**. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.      **Disclosure of Confidential Information**. Except with the prior written consent of other parties, or upon the prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

a.      Counsel for the respective parties to this litigation and co-counsel retained for this litigation, including partners and associates who assist them in this matter, Bureau Chiefs, Chief Deputy Attorneys General, Senior Deputy Attorneys General, Deputy Attorneys General, paralegals, clerical and secretarial staff employed by such counsel;

b.      Individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

c.      Non-party consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that before being shown or given any Confidential Information, each such person shall sign a certification ("Certification") stating the following:

*I certify my understanding that any documents, information, answers, responses, and/or other materials that are provided to me in this case are subject to the terms and restrictions of the Stipulated Protective Order in Joel Gomez v. State of Nevada, Department of Health and Human Services, filed in the U.S. District Court of Nevada, Case No. 3:23-cv-00663-LRH-CLB (the "Order"). I have been given a copy and have read that Order. I have had its meaning and effect explained to me by counsel who provided me with the above-described information. I understand that any such information and/or documents, and any copies, notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding. I agree to comply with the Order.*

The Certification shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action;

d.      Any authors or recipients of the confidential information;

e.      The Court, Court personnel, court reporters, and videographers;

/ / /

3

f. Witnesses (other than persons described in paragraph 4(d)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies;

g. Members of the jury in this case;

h. Professional vendors that provide litigation support services, employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

i. Such other persons as Plaintiff and Defendants may agree upon in writing; and

j. Such other persons as the Court may order upon application of Plaintiff or Defendants.

5. **Notice of Stipulated Protective Order**. Any persons receiving or being shown Confidential Information shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court and that they shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. **Filing of Confidential Information**. Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with Local Rule IA 10-5 and the Court's electronic filing procedures. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *See Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

/ / /

Further, pursuant to Local Rule IA 10-5(d), documents filed under seal in this case must be served in accordance with Local Rule IC 4-1(c).

7. **Confidential Information Produced by Non-Parties**. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within forty-five (45) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. **Challenges to Confidential Designation**. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. **Information Not Confidential**. Notwithstanding any challenge to the designation of material as confidential information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

a. The party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

b. The party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c. The Court rules the material is not confidential.

10. **Order Survives Termination**. All provisions of this Order restricting the communication or use of confidential information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of confidential information, other than that which is contained in

pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than forty-five (45) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information. However, this Court will not retain jurisdiction for enforcement of this Order after this action is terminated. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

11.   **Evidence at Trial**. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12.   **No Waiver Regarding Confidential Information/Inadvertent Failure to Designate**. Nothing herein shall be deemed to waive any applicable privilege under federal or state law, or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work protection.

Inadvertent production of documents subject to work-product doctrine, attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of such inadvertent production, promptly notify the receiving party, in writing, of such inadvertent production. In the event of such an inadvertent production, if the receiving party disputes the privileged nature or required return of the material, the parties shall confer in good faith to resolve the dispute. If the dispute cannot be resolved, the party seeking return of the alleged privileged material shall file an appropriate motion seeking their return with the Court.

The inadvertent failure of a Producing Party to designate discovery materials as Confidential Information shall not be deemed, by itself, to be a waiver of the party's or non-party's rights to so designate such discovery materials. Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. However, disclosure by the Receiving Party of such discovery materials to any other person

/ / /

1  prior to the designation of discovery materials in accordance with this paragraph shall not

2  violate the terms of this Stipulation and Order.

3       13.    **Application to Non-Parties**. Any witness or other person, firm, or entity from

4  which discovery is sought may be informed of and may obtain the protection of this Order by

5  written advice to the parties' respective counsel or by oral advice at the time of any deposition

6  or similar proceeding.

7       14.    **Limits to Disclosure of Confidential Information**. All reasonable efforts shall

8  be made by counsel of record to limit disclosure of confidential information to the minimum

9  number of persons necessary to conduct this action.

10       15.    **Securing Confidential Information**. Persons receiving Confidential

11  Information shall maintain all confidential material in a secure location.

12       **IT IS SO STIPULATED.**

13  DATED this 7th day of March 2024.     DATED this 7th day of March 2024.

14  AARON D. FORD     LAW OFFICE OF MARK MAUSERT
    Attorney General

15

16  By: */s/ Alina Krauff*     By: */s/ Mark Mausert, Esq.*

17      CAMERON P. VANDENBERG     MARK MAUSERT, ESQ.
    Chief Deputy Attorney General     SEAN MCDOWELL, ESQ.

18      Nevada Bar No. 4356     729 Evans Avenue
    ALINA KRAUFF     Reno, NV 89512

19      Deputy Attorney General     Email: mark@markmausertlaw.com
    Nevada Bar No. 16266          sean@markmausertlaw.com

20      *Attorneys for Defendant State of Nevada,*     *Attorneys for Plaintiff Joel Gomez*
    *Department of Health and Human*

21      *Services, Division of Public and*
    *Behavioral Health*

22

23

24                     **<u>ORDER</u>**

25                     **IT IS SO ORDERED.**

26                     Dated: _____March 8_____, 2024.

27

28                     _____
                   UNITED STATES MAGISTRATE JUDGE